UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-3830 FMO (MBKx)** | Date | **May 20, 2025** |
|---|---|---|---|
| Title | **Jing Yang v. Ansell Healthcare Products, LLC, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|

| Vanessa Figueroa | None | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**　　(In Chambers) Order Remanding Action

　　On July 9, 2024, Jing Yang ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Ansell Healthcare Products, LLC ("Ansell") and Dayana Amaya ("Amaya") (collectively, "defendants"), asserting state law claims relating to her employment. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1, Exh. A, Compl. at ¶¶ 2-4 & 16-70). Plaintiff filed a First Amended Complaint ("FAC") on August 16, 2024. (See Dkt. 1, Exh. B, FAC at 1 & 14). On April 30, 2025, defendants removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. (See Dkt. 1, NOR at 1). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

**LEGAL STANDARD**

　　Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (noting that a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

　　In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-3830 FMO (MBKx)** | Date | **May 20, 2025** |
|---|---|---|---|
| Title | **Jing Yang v. Ansell Healthcare Products, LLC, et al.** | | |

removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a).[2] "It is well-established that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1236 (9th Cir. 2008).

**DISCUSSION**

Here, there is no basis for diversity jurisdiction because complete diversity does not exist between the opposing parties.[3] According to defendants, their citizenship is as follows: Ansell is a citizen of Delaware and New Jersey, (see Dkt. 1, NOR at ¶¶ 20-23), and Amaya is a citizen of California. (See id. at ¶¶ 17-18). Although the FAC alleges that plaintiff is a citizen of California, (see Dkt. 1, Exh. B, FAC at ¶ 2), defendants contend that plaintiff is actually a citizen of Minnesota and that complete diversity thus exists. (See Dkt. 1, NOR at ¶¶ 10 & 16).

However, for purposes of establishing diversity, citizenship is determined based on "facts that existed at the time of filing[.]" In re Digimarc Corp. Derivative Litig., 549 F.3d at 1236 (internal quotation marks omitted). Defendants state that they learned of plaintiff's Minnesota residence

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

[2] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a)(1)-(2).

[3] The FAC asserts only state law claims. (See Dkt. 1, Exh. B, FAC at ¶¶ 16-70).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-3830 FMO (MBKx)** | Date | **May 20, 2025** |
|---|---|---|---|
| Title | **Jing Yang v. Ansell Healthcare Products, LLC, et al.** | | |

through a supplemental discovery response. (See Dkt. 1, NOR at ¶ 10). In that document – dated April 8, 2025 – plaintiff indicates that she "currently resides in Plymouth, Minnesota." (See Dkt. 1, Exh. G, Plaintiff Jing Yang's Supplemental Response to [] Form Interrogatories at 3). Plaintiff's response does not establish that she resided in Minnesota at the time she filed her Complaint in July 2024, (see id.), and in fact, she alleged she was a resident of California in her Complaint. (See Dkt. 1, Exh. A, Compl. at ¶ 2). Accordingly, the only relevant fact regarding plaintiff's citizenship at the time of filing is her allegation regarding her California citizenship, (see id.), which indicates that complete diversity was lacking at the time of filing.

In short, defendants have failed to show that complete diversity between the parties exists. Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendants have met their burden. Therefore, there is no basis for diversity jurisdiction. See, e.g., Ramirez v. Lowe's Home Centers, LLC, 2019 WL 5565959, *1 (C.D. Cal. 2019) ("[B]ecause there was no diversity at the time of filing, there is no subject matter jurisdiction.").[4]

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California, County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | vdr | | |

---

[4] Even if the opposing parties were diverse at the time of filing, the action would require remand for a second reason – one of the defendants, Amaya, is a citizen of California, which precludes removal under 28 U.S.C. § 1441(b)(2). (See Dkt. 1, NOR at ¶¶ 17-18); 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); Spencer v. United States Dist. Court, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").